475 P.2d 768

Irving SHUMAN, Appellant,

v.

MOLLIE'S FASHIONS AND FABRICS,
an Arizona corporation, Appellee.

I CA–CIV 1131.

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 27, 1970.

Rehearing Denied Nov. 25, 1970.

Philip T. Goldstein, Phoenix, for appellant.

Burch, Cracchiolo, Levie & Guyer, by Dan Cracchiolo, Phoenix, for appellee.

JACOBSON, Judge.

We are primarily asked to determine in this appeal whether a seller under an escrow agreement complied with the terms of the escrow in order to avoid its cancellation by the buyer.

Appellee-plaintiff, MOLLIE'S FASHIONS AND FABRICS, an Arizona corporation, brought suit in Maricopa County Superior Court against appellant-defendant, IRVING SHUMAN and PHOENIX TITLE & TRUST COMPANY (not a party to this appeal) for the return of $8,000.-00 deposited by Mollie's Fashions in an escrow administered by Phoenix Title. The Maricopa County Superior Court, sitting without a jury, entered judgment in favor of Mollie's Fashions and against Shuman

for $8,000.00. After denial of Shuman's post-trial motions, he has appealed.

On March 8, 1965, the parties entered into an escrow agreement whereby Shuman agreed to sell to Mollie's Fashions, certain real property situated in Maricopa County, Arizona. At the time the escrow agreement was signed, construction was in progress on the property for improvements which were to house two tenants, Circle K Food Stores, Inc., and Jack L. Whyman and Helen Whyman, his wife. The leases for these two tenants had been executed prior to construction and required the acceptance of the leased premises by the lessees after completion of the construction, if the improvements conformed to previously agreed upon plans and specifications.

The escrow agreement appointed Phoenix Title as escrow agent and required Mollie's Fashions to deposit $8,000.00 earnest money in escrow at the time of opening the escrow and further required Mollie's Fashions to deposit in escrow the additional sum of $20,000.00 "on or before close of escrow." The escrow agreement further provided:

> "Although the closing date on the reverse side has been designated as May 8, 1965, it is further understood and agreed that the actual closing date will be the day following delivery of letters of acceptance from the two tenants of the demised premises, namely Circle K Food Stores, Inc., and Jack L. Whyman and his wife, Helen H. Whyman."

There is no dispute that the leases from the two tenants were a material consideration in Mollie's Fashions' agreement to purchase the premises.

Mollie's Fashions deposited the $8,000.00 in escrow as earnest money, this being the sum in controversy here. The construction was completed and the appropriate letter of acceptance from Circle K Food Stores, Inc. was duly received by the escrow agent.

However, between the time the Whymans had executed the lease with Shuman and completion of the proposed improvements on the leased premises, the Whymans suffered financial reverses which caused them to file voluntary petitions in bankruptcy. The chronology of events leading up to this litigation are as follows.

The lease between Shuman and the Whymans was entered into on March 3, 1965. The escrow instructions between Shuman and Mollie's Fashions were executed on March 8, 1965. On June 15, 1965, the Whymans filed voluntary petitions in bankruptcy in the U. S. District Court. The Whymans' petitions in bankruptcy listed the Shuman-Whyman lease as a secured liability but not as an asset of the bankrupts' estate. The trustee neither accepted nor rejected the lease agreement within the time limitations provided by the Bankruptcy Act.

On July 16, 1965, following the appointment of the trustee, the Whymans sent a letter to Shuman which he subsequently deposited in escrow as a letter of acceptance as required by the escrow instructions. The letter in part stated as follows:

> "The terms and conditions of the lease entered into by us on March 3, 1965, are satisfactory and did meet with our approval. We regret to inform you though, that we will not be able to occupy the premises, and that the pecuniary obligation imposed by the aforementioned lease has been listed on our petition in bankruptcy to be discharged in bankruptcy."

Shuman, after knowledge of the Whyman bankruptcy, executed an assignment of the Whyman lease to Mollie's Fashions and deposited the assignment in escrow.

Mollie's Fashions after obtaining knowledge of the state of affairs of the Whymans, refused to deposit the additional $20,000.00 in escrow and demanded cancellation of the escrow and return of the initial $8,000.00 earnest money deposit on the grounds that Shuman had failed to

comply with the terms of the escrow instructions. Shuman on the other hand, contended he had filed all documents necessary to close the escrow and Mollie's Fashions' failure to deposit the additional $20,000.00 in escrow was a breach of the escrow agreement and he was entitled to have forfeited to him the $8,000.00 earnest money deposit. The instant litigation then ensued.

In order to correctly adjudicate the respective rights of the parties, this court is required to determine whether or not the letter of July 16, 1965, from the Whymans was an "acceptance" of the leased premises and thus a compliance with the requirements of the escrow instructions.

A reading of the escrow instructions themselves, makes it apparent that the "acceptance," contracted for by the parties to the escrow instructions obviously meant that the lessees would occupy and be bound by the lease agreements entered into by them. Any other interpretation makes such a requirement in the escrow instructions meaningless. The Whyman letter of July 16, 1965, does not comply with that requirement. It in essence agrees that the leased premises were constructed in compliance with the plans and specifications but emphatically denies any acceptance of the premises by denying any liability under the lease or its binding effect upon them because of the bankruptcy proceedings. The "acceptance" of the premises evidenced by such letter was not what was bargained for by the parties.

This does not mean that Shuman was a guarantor of the financial responsibility of his former tenants. It only means that under the parties' agreement, Shuman was required to supply to his buyer at the time of the close of escrow the two named tenants willing to perform the conditions of their leases. This he failed to do.

The judgment of the trial court is affirmed.

EUBANK, P. J., and HAIRE, J., concur.